## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re:  **FREDERICK J. BILTER, JR.** | Case No. 05-37702-DOT |
| Chapter 7 Debtor | |

| | |
|---|---|
| **DELIA B. HALSTEAD,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **A.P. No. 07-03118-DOT** |
| ) | |
| **FREDERICK J. BILTER, JR.** ) | |
| ) | |
| and ) | |
| ) | |
| **NANCY S. BILTER,** ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER ON MOTION TO RECONSIDER JUDGMENT ORDER ENTERED APRIL 9, 2009

The court's Judgment Order in this adversary proceeding was entered on March 30, 2009. On April 9, 2009, defendant Nancy S. Bilter by counsel filed a timely Motion To Reconsider Judgment Order. Plaintiff has filed no response to defendant's motion.

For reasons stated in this opinion and order, the motion to reconsider will be denied.

Facts and Procedural History.

In this adversary proceeding, the court entered a memorandum opinion along with a judgment order on March 30, 2009. Among other rulings, the court entered a joint judgment against defendants Frederick and Nancy Bilter in the amount of $9,680.00. In summary, the court found that this sum represented interest on funds of the plaintiff that were deposited in a bank account in Mrs. Bilter's name. The judgment against Mrs. Bilter was based on the court's

finding of conversion.

## Motion To Reconsider.

The motion states that the court should reconsider the judgment for the following reason:

The Court overlooked evidence in making one of its findings of fact, namely that there was no evidence as to how the interest account was set up. Additionally, conversion must be proved by clear and convincing evidence and there was not sufficient evidence to prove conversion by clear and convincing evidence.

## Conclusions of Law.

Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59 are applicable to motions for amendment of court orders, commonly referred to as motions to reconsider or for reconsideration. *See* 10 *Collier on Bankruptcy* ¶ 9023 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2008). In order for a bankruptcy court to alter or amend an order or judgment under Federal Rule 59, a movant such as defendant Nancy Bilter must show that reconsideration is necessary on at least one of three grounds: (1) for manifest error of law; (2) for manifest error of fact; or (3) for newly discovered evidence. *See Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see also Jefferson Bank v. Devault Mfg. Co. (In re Devault Mfg. Co.)*, 4 B.R. 382, 385 (Bankr. E.D. Pa. 1980), *aff'd*, 14 B.R. 536 (E.D. Pa. 1981); *see generally* Fed. R. Civ. Proc. 59(a)(1)(B) (stating that a rehearing can be granted "for any reason for which a rehearing has heretofore been granted in a suit in equity . . ."). Thus, in practice, the grounds for motions seeking new trials boil down to either a manifest error of law or fact by the court or some type of newly-discovered evidence. *See* 10 *Collier on Bankruptcy* at ¶ 9023.01[2] ; 12 *Moore's Federal Practice* § 59.13[3][a] (Matthew Bender 3d ed.).

In addition, because a motion for a new trial is addressed to the discretion of the court, rulings on such motions are subject to reversal only when there has been some mistake of law in

the development of the court's order, or in the alternative, if the court has either failed to exercise its discretion or somehow abused that discretion. *See* 10 *Collier on Bankruptcy* at ¶ 9023.01[2].

Defendant's motion asserts that a finding of conversion requires clear and convincing evidence and that the evidence here does not support the court's previous ruling granting judgment against her for conversion. There is no merit in defendant's motion, and it must be denied. The evidence is clear and convincing that the account in question was opened in defendant's name, that the account holds funds that are property of plaintiff, and that defendant has wrongfully exercised authority over those funds. *PGI, Inc. v. Rathe Prods., Inc.*, 265 Va. 334, 344, 576 S.E. 2d 438, 443 (2003) (setting forth that "the tort of conversion encompasses any wrongful exercise or assumption of authority...over another's goods, depriving him of their possession; [and any] act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it.") (citations omitted). Notwithstanding defendant's denial of knowledge of the bank account, the court found that the trial record supported a finding of conversion.

Accordingly, **IT IS ORDERED THAT THE MOTION TO RECONSIDER JUDGMENT ORDER IS DENIED.**

SIGNED: <u>May 12, 2009</u>

                                           /s/ Douglas O. Tice Jr.
                                           DOUGLAS O. TICE JR.
                                           CHIEF JUDGE
                                           UNITED STATES BANKRUPTCY COURT

Copies to:

James E. Kane, Esquire
Gregory Kaplan, PLC
7 East Second Street
Richmond, Virginia 23224-4253
*Counsel for Plaintiff*

Teddy J. Midkiff, Esquire
Goff & Midkiff, PLLC
P.O. Box 313
Chesterfield, Virginia 23832
*Counsel for Frederick J. Bilter, Jr.*
*Counsel for Nancy Bilter*